UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY WILSON | CIVIL ACTION |
| VERSUS | NO. 19-14635 |
| J.B. HUNT TRANSPORT, INC., ET AL. | SECTION "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by the Plaintiff Cathy Wilson pursuant to 28 U.S.C. § 1332. The Defendants oppose the motion. (Rec. Doc. 7). The motion, set for submission on February 3, 2020, is before the Court on the briefs without oral argument.

### I. BACKGROUND

On March 6, 2019, Wilson was involved in an automobile accident with the Defendant Cluster Blacketer. (Rec. Doc. 1-1, State Court Petition). Wilson then filed a lawsuit in the 40th Judicial District Court for the Parish of St. John the Baptist on November 15, 2019 and named Ace American Insurance Company, J.B. Hunt Transport Services, Inc., and Cluster Blacketer as Defendants. *Id*. On December 13, 2019, the Defendants timely filed a Notice of Removal in the Eastern District of Louisiana based on diversity of citizenship. (Rec. Doc. 1, Notice of Removal).

J.B. Hunt Transport, Inc. is incorporated in the State of Georgia with its principal place of business in the State of Arkansas. (Rec. Doc. 7, p. 1-2, Defendants' Opposition). Cluster Blacketer is a citizen of the State of Texas. *Id*. ACE American Insurance Company is incorporated in the State of Pennsylvania with its principle place of business in the State of Pennsylvania. *Id*. Lastly, Wilson, is a citizen of the State of Louisiana, and she does not dispute that the parties are diverse. (Rec. Doc. 6-1, p. 4, Wilson's Memorandum in Support).

In her state court petition, Wilson describes her damages as emotional trauma, property damage to her car, and serious bodily injuries to her neck, back, shoulder, and head. (Rec. Doc. 1-1, p. 3-5, State Court Petition). Wilson further detailed these injuries in the settlement demand she sent to the Defendants and stated that, among other things, she suffered from a cervical bulge, three cervical herniations, a disc displacement, and a complete rotator cuff tear. (Rec. Doc. 7-1, p. 2 Wilson's Settlement Demand). As a result of these injuries, Wilson claims that she has incurred $25,617.80 in medical expenses, and that she will also incur $5,000 in future physical therapy costs. (Rec. Doc. 7-1, p. 36, Wilson's Settlement Demand). Lastly, Wilson has also been referred to a pain management specialist and an orthopedic surgeon for further treatment. (Rec Doc. 7-2, Premier Medical Rehab Report).

In her motion, Wilson moves the Court to remand this case back to state court. (Rec. Doc. 6). Wilson argues that the Defendants have failed to offer evidence that the amount in controversy in this case has exceeded $75,000.00 as of the day Wilson filed her petition. *Id*. at 4-5. Conversely, the Defendants argue that Wilson's case easily exceeds the $75,000 required amount. (Rec. Doc. 7, p. 7, Defendants' Opposition). The Court will now analyze the merits of Wilson's motion to remand.

II. **STANDARD OF REVIEW**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia*

v. *Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

### III. DISCUSSION

#### A. Diversity of Citizenship

As noted above, Wilson does not dispute that diversity of citizenship exists in this case. (Rec. Doc. 6-1, p. 4, Wilson's Memorandum in Support) ("Defendant[s'] *Notice of Removal*

correctly states that there is a complete diversity between the parties[.]"). Rather, Wilson notes that the "Plaintiff has been unable to make service on the Defendant driver, Cluster Blacketer, and thus, he did not join in the removal." *Id*. "As such, all defendants are not joined and proper removal cannot be effectuated." *Id*.

Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. Here, Wilson has been unable to serve Cluster Blacketer. (Rec. Doc. 6-1, p. 4, Wilson's Memorandum in Support). However, the Defendants stated in their Notice of Removal that, "[a]ll Defendants who have been properly joined and served with Plaintiff's petitions consent to this removal." (Rec. Doc. 1, p. 4, Notice of Removal). Thus, because all served parties have consented to the case's removal, Wilson's argument has no merit.

### B. Amount in Controversy

Next, the Court is satisfied that the Defendants have met their burden to show that the jurisdictional minimum existed at the time of removal. As noted above, Wilson detailed in her settlement demand that she experienced significant injuries as a result of the accident. (Rec. Doc. 7-1, p. 2, Wilson's Settlement Demand). These injuries include: a disc bulge, three cervical herniations, a disc displacement, and a complete rotator cuff tear. *Id*.

Louisiana jurisprudence illustrates that injuries like the ones Wilson is suffering from have generated awards greater than $75,000, even when surgery was not performed. *See e.g. Rico v. Sewerage and Water Bd. of New Orleans*, 929 So.2d 143 (La. App. 4th Cir.2006) (granting $150,000 when back surgery was recommended but not performed); *Piazza v. Behrman Chiropractic Clinic, Inc.*, 601 So.2d 1378 (La.1982) (awarding $111,600 for mental and physical pain and suffering, medical expenses, disability, past and future, and loss of consortium for herniated disc); and *Fontenot v. Laperouse*, 774 So.2d 278 (La. App. 3rd Cir.2000) (awarding $120,000 for herniated and bulging disc). For these reasons, the Court

is satisfied that the Defendants have met their burden to show that the jurisdictional minimum exists.

Furthermore, Wilson has not proven to a "legal certainty" that the amount in controversy will not satisfy the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *De Aguilar*, 47 F .3d at 1412. Instead, Wilson even demanded the Defendants' policy limits of $1,000,000 in her settlement demand, thus demonstrating that she considered her damages to be greater than $75,000. (Rec. Doc. 7-1, p. 1, Wilson's Settlement Demand). Therefore, the Defendants have established that, at the time of removal, the amount in controversy exceeded the $75,000 jurisdictional minimum.

Because the parties are completely diverse and the requisite amount in controversy exists, the Court finds that it has diversity jurisdiction over this case.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the Plaintiff Cathy Wilson is **DENIED**.

February 4, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE